UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | No. 2:11-CR-81 |
| | ) | |
| WILLIAM McMAHAN, *ET AL.* | ) | |

## **REPORT AND RECOMMENDATION**

On May 1, 2010, Darren DeArmond appeared before Judge Bob McGhee of the Criminal Court of Knox County, Tennessee and requested a warrant to search storage unit F-046 at the U Store-It on Walker Boulevard in Knoxville, Tennessee. Judge McGhee found probable cause to issue the warrant, and the resulting search of that storage unit apparently resulted in the discovery and seizure of evidence which will be introduced against defendant in this case.

Defendant Buford Rogers has filed a motion to suppress evidence, (Doc. 307), claiming that Agent DeArmond's affidavit failed to supply the requisite probable cause.

As an initial matter, this defendant has no "standing" to contest the search of that storage unit. He was neither the owner, nor the lessor, of that unit. To be sure, he was listed as the "emergency contact" on the rental agreement, but that is a far cry from being the lessee. Although apparently the defendant had a key to the storage unit, it was given to him by the lessee, but that gave him no reasonable expectation of privacy in it, since the lessee (whose name no one could recall) could have validly consented to a search of the unit, even over the defendant's protestations. For example, the defendant was held to have no legitimate expectation of privacy in a vacant house he neither owned nor rented, notwithstanding that he had stayed in the premises for a week, *United States v. McRae*, 156 F.3d 708 (6th Cir. 1998). And although a hotel guest does have a reasonable

expectation of privacy in his room, once the rental period has expired, that reasonable expectation of privacy dissipates, *United States v. Allen,* 106 F.3d 695, 699 (6th Cir.), cert. denied, 520 U.S. 1281 (1997). Accordingly, in light of defendant's lack of any reasonable expectation of privacy in the storage unit, he has no standing to maintain this motion to suppress.

But going further, and looking to the merits of the motion itself, the affidavit presented to Judge McGhee states an abundance of probable cause. First, the affiant, Agent DeArmond, described a high-speed car chase, ensuing crash, and subsequent search of defendant's vehicle earlier that same day, resulting in the discovery and seizure of fifteen individually wrapped "bricks" of marijuana. DeArmond's affidavit also advised Judge McGhee that his investigation revealed that this defendant had access to the subject storage facility; that he was told that defendant was the "emergency contact" on the rental agreement for Unit F-046; that defendant had entered the storage facility earlier the same day before the car chase described earlier; and a drug-detecting dog which was walked by the storage unit indicated the presence of drugs within the storage unit.

Suffice it to say, Agent DeArmond's affidavit was rife with probable cause.

It is respectfully recommended, for either or both of the foregoing reasons, that defendant's motion to suppress, (Doc. 307), be denied.[1]

Respectfully submitted,

      s/ Dennis H. Inman
United States Magistrate Judge

---

[1]Any objections to this report and recommendation must be filed within fourteen (14) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1).