UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No. 2:11-CR-81 |
| | ) | |
| BUFORD ROGERS | ) | |

## MEMORANDUM AND ORDER

This criminal case is before the Court on the defendant's *pro se*[1] motion for a sentence reduction, [Doc. 870]. In the defendant's motion, he requests that the Court reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 782 and Amendment 788 to the United States Sentencing Guidelines Manual. The government has responded, [Doc. 880], and the matter is ripe for review. For the reasons that follow, the motion is DENIED.

**I.     Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 3685, 2690 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

---

[1] Federal Defender Services was appointed to represent the defendant by Standing Order 14-07 and order, [Doc. 875]. However, because the defendant is categorically ineligible for relief, FDS is unlikely to file any supplemental motion on his behalf.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.* (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson,* 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. Sentencing Guidelines Manual § 1B1.10(b)(1). Other than substituting Amendment 782 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(A), (C).[2] In addition to these limits, section 1B1.10 states that a

---

[2] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government

2

court must also consider the § 3553 factors and the danger to the public created by any reduction in a defendant's sentence. *Id.* at cmt. n.1(B). A court may further consider a defendant's post-sentencing conduct. *Id.*

On the other hand, even if Amendment 782 were to lower a defendant's offense level under Chapter Two of the Sentencing Guidelines, a court proceeds sequentially through the Guidelines Manual. *Id*. § 1B1.1. In Chapter Five, the guidelines instruct that "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." *See* U.S.S.G. § 5G1.1(b); *United States v. Johnson*, 564 F.3d 419, 423 (6th Cir. 2009); *see also United States v. Coats*, 530 F. App'x 553, 555 (6th Cir. 2013).

## II.     Factual Background

The defendant pleaded guilty to conspiring to possess with the intent to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C. § 846 and 841(b)(1)(B). The parties entered into a plea agreement and agreed that the appropriate disposition in this matter would be 204 months' imprisonment. [Doc. 460]. The defendant was classified as a career offender based upon his prior convictions, which resulted in a base offense level of 37. [PSR ¶ 45]. The defendant's guidelines range was 262 to 327 months based on an offense level of 34, following a three-level reduction for acceptance of responsibility, and a criminal history category of VI. Both the offense level of 37 and the defendant's criminal history category of VI were determined pursuant to his status as a career offender under USSG § 4B1.1(a) and (b). The defendant was ultimately sentenced to 204 months' imprisonment.

## III.    Analysis

---

motion to reflect the defendant's substantial assistance to authorities." U.S. Sentencing Guidelines § 1B1.10(b)(2)(B). That is not the case here.

In the Sixth Circuit, a sentence is "based on" a guidelines range if it is imposed pursuant to an 11(c)(1)(C) plea agreement that "makes clear that the basis for the specified term is a Guidelines sentencing range that is evident from the agreement itself." *United States v. McNeese*, -- F.3d --, 2016 WL 1553730, at *5 (6th Cir. 2016) (quoting *Freeman v. United States*, -- U.S. --, 131 S. Ct. 2685 (2011) (Sotomayor, J., concurring in the judgment)). A defendant's sentence is "based on" a guideline range "only when that guideline range is explicitly referenced in the plea agreement." *United States v. Douglas*, 606 F. App'x 287, 289-90 (6th Cir. 2015). Where an 11(c)(1)(C) plea agreement does not mention a sentencing range, the defendant is not eligible for relief under § 3582(c). *McNeese*, 2016 WL 1553730, at *6.

The plea agreement, [Doc. 460], does not state that it is made pursuant to Rule 11(c)(1)(C). However, the plea agreement states that should the Court decline to impose the agreed 204-month sentence, the defendant has the right to withdraw the guilty plea. [Doc. 460 ¶ 6]. It appears that the Court treated this plea agreement as a binding Rule 11(c)(1)(C) agreement to sentence the defendant to 204 months, outside of the advisory guideline system. [Statement of Reasons]. Therefore, the defendant is not be eligible for a reduction where he was sentenced pursuant to what was essentially a Rule 11(c)(1)(C) plea agreement that did not explicitly provide a guideline or sentencing range. *See Douglas*, 606 F. App'x at 289-90.

Alternatively, because the defendant was determined to be a career offender under Sentencing Guideline Section 4B1.1(a), the defendant's offense level and criminal history category were both determined by reference to subsection (b) of that guideline, and not the quantity of drugs for which he was held responsible. Consequently, the defendant's guideline range has not been lowered as a result of Amendment 782's reduction to the Drug Quantity Table in Section 2D1.1. *See, e.g., United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (Court

4

held that previous amendments to drug quantity table did not apply to lower sentence of career offender). Therefore, even if the defendant was not sentenced pursuant to a binding agreement with the government, he would nevertheless be ineligible for a reduction because of his status as a career offender.

**III.  Conclusion**

For the reasons stated herein, the defendant's motion, [Doc. 870], is DENIED. All provisions of the Judgment, [Doc. 713], shall remain in effect.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE