UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| BUFORD W. ROGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.  2:11-CR-81-JRG-MCLC-2 |
| | ) | 2:16-CV-135-JRG |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Before the Court is the United States's motion to deny and dismiss Petitioner's

supplemented pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. §

2255 [Doc. 959].  Petitioner submitted the petition on May 23, 2016 [Docs. 916, 962].  In it, he

challenges his enhancement under Section 4B1.1 of the United States Sentencing Guidelines

based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision

of the Armed Career Criminal Act, 18 U.S.C. § 924(e), was unconstitutionally vague [*Id.*

(suggesting that his sentence is no longer valid because the residual clause in Section 4B1.2 is

equally vague)].[1]

---

[1]     The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a
firearm after having sustained three prior convictions "for a violent felony or a serious drug
offense, or both, committed on occasions different from one another."  18 U.S.C. § 924(e)(1).
The statute defines "violent felony" as  "any crime punishable by imprisonment for a term
exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of
physical force against the person of another" (the "use-of-physical-force clause"); (2) "is
burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause");
or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to
another" (the "residual clause").  18 U.S.C. § 924(e)(2)(B).  It was this third clause—the residual
clause—that the Supreme Court deemed unconstitutional in *Johnson*.  135 S. Ct. at 2563.

Section 4B1.1 enhances a defendant's offense level if he or she qualifies as a "career offender,"
i.e., adult defendant whose offense of conviction is a "crime of violence or controlled substance

On March 6, 2017, the Supreme Court decided *Beckles v. United States*, which held that the United States Sentencing Guidelines are "not amenable to vagueness challenges." 137 S.Ct. 886, 894 (2017). Two weeks later, this Court entered an Order (1) explaining that *Beckles* necessarily meant that "*Johnson* . . . does not undermine sentences based on Guideline enhancements;" (2) instructing the parties to "file any motion that they want[ed] the Court to consider in conjunction with, or prior to, ruling on [the instant] petition[] on or before April 1, 2017;" and (3) requiring that responsive pleadings be filed on or before April 15, 2017 [Doc. 958].

On March 27, 2017, the United States filed the instant motion to dismiss Petitioner's *Johnson*-based challenge to his career offender designation in light of *Beckles* [Doc. 959]. On April 13, 2017, Petitioner filed a motion requesting this Court consider his *Johnson*-based request for sentencing relief in light of *Mathis v. United States*, 136 S.Ct. 2243 (2016), and *Molina-Martinez v. United States*, 136 S. Ct. 1338 (2016) [Doc. 962].[2] He provided no further analysis.

---

offense" and who has "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S. Sentencing Manual § 4B1.1(a). "Crime of violence" under the Guidelines is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses as well as a nearly identical enumerated-offense clause).

[2]      In *Mathis*, the Supreme Court held that: (1) a prior conviction does not qualify as a generic form of a predicate violent felony for purposes of the ACCA if an element of the crime of conviction is made broader than an element of the generic offense by way of an enumerated list of alternative factual means for satisfaction of the former; and (2) Iowa's burglary statute— which defines "structure" to include any building, structure, [or] land, water, or air vehicle"— had a broader locational component than generic burglary. 136 S. Ct. at 2247–48, 53–54. Because the "structure" element of Iowa's burglary statute was broader than the parallel element of generic burglary, the Court concluded that the petitioner's prior convictions were incapable of supporting enhancement under the enumerated-offense clause. *Id.* at 2257.

## I.     DISPOSITIVE MOTION AND § 2255 PETITION

To the extent that Petitioner challenges his career offender designation based on *Johnson*, that argument fails because the Guidelines are not subject to void for vagueness analysis. *Beckles*, 137 S. Ct. 894.  As a result, both of Petitioner's prior federal felony drug convictions remain controlled substance predicates under Section 4B1.1(a)(3).[3]  *See, e.g.*, *United States v. Jenkins*, 613 F. App'x 754, 755 (10th Cir. 2015) (deeming *Johnson* "irrelevant" where enhancement stemmed from drug offenses).  Similar to *Johnson*, neither *Mathis* nor *Molina-Martinez* have any impact on the validity or propriety of Petitioner's designation as a career offender.

## II.     CONCLUSION

For the foregoing reasons, the United States's motion to deny and dismiss [Doc. 959] will be **GRANTED** and Petitioner's supplemented § 2255 petition [Docs. 916, 962] will be **DENIED** and **DISMISSED WITH PREJUDICE**.  This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous.  Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**.  28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

---

In *Molina-Martinez*, the Supreme Court held that defendants faced with an improperly calculated Guidelines range but sentenced to a term of incarceration falling within the corrected Guideline range are not required to provide some "additional evidence" that an error in calculation affected his or her sentence.  136 S. Ct. at 1345–1349.

[3]      Section 4B1.2 defines "controlled substance offense" as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense."  U.S. Sentencing Manual § 4B1.2(b).

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE
